IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA,

vs.

**Case No. 5:02cr6-RH**
**Case No. 5:04cv282-RH/WCS**

MITCHELL WAYNE WILDER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON § 2255 MOTION

    Defendant Wilder, proceeding pro se, filed a motion to vacate pursuant to 28 U.S.C. § 2255 and supporting memorandum. Docs. 70 and 71. The Government filed a response, to which Defendant filed a reply. Docs. 74 and 75.

**Procedural History**

    Defendant's motion to suppress evidence was denied following a hearing. Docs. 16, 28, and 43 (motion, order of May 31, 2002, and transcript of May 14, 2002, hearing). Defendant then failed to appear for rearraignment, and Elizabeth Timothy filed a motion

to withdraw as counsel. Doc. 34.[1] Jonathan Dingus was appointed as counsel. Doc. 38.

Defendant pleaded guilty pursuant to a plea agreement with the Government. Docs. 40 (plea agreement) and 59 (rearraignment transcript). Defendant agreed to plead guilty to conspiracy to manufacture and possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a mixture containing methamphetamine, as charged in count one. Doc. 40, p. 2. *See also* doc. 1 (indictment).

> The defendant agrees that he was involved in a conspiracy to manufacture methamphetamine (actual) or a mixture or substance containing a detectable amount of methamphetamine but recognizes that the actual amount for which he will be held personable [sic] accountable will be determined by the Court at the time of sentencing, under a standard of proof of beyond a reasonable doubt.

Doc. 40, p. 2. "Preponderance of the evidence" was originally typed on the document but was stricken in ink, and replaced with the handwritten beyond a reasonable doubt language. *Id.  See also* doc. 59, pp. 24-25 (discussing this change).

According to the plea agreement, Defendant recognized the potential sentences faced depending on the quantity of drugs determined by the court. Doc. 40, pp. 2-3. The court also explained the sentences at the time of the plea. Doc. 59, p. 22.

Defendant entered a guilty plea to count one in case number 5:02cr16-RH, charging failure to appear at rearraignment on June 11, 2002. *Id.*, p. 3, *see also* doc. 30 (minute entry). Defendant reserved the right to appeal denial of his motion to suppress. Doc. 40, p. 3.

---

[1] Timothy was a potential witness against Defendant for his failure to appear, which resulted in a new prosecution (5:02cr16), discussed ahead. Doc. 34, p. 2.

Defendant agreed that, by pleading guilty to count one in both cases, he was waiving his rights:

> to plead not guilty, to compel the Government to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented and other constitutional rights which attend a defendant on trial in a criminal case.

Doc. 40, p. 4.  Defendant indicated to the court at the time of his plea that he understood the rights he was giving up, that there would not be a trial, and that he was giving up any defenses he might have.  Doc. 59, pp. 5-7.

It was agreed that Defendant and the Government could offer evidence or argument relevant to imposition of sentence under the United States Sentencing Guidelines.  *Id.*, p. 5.

The facts in support of Defendant's pleas to count one in this case and count one in 5:02cr16-RH are set forth in the plea agreement itself.  *Id.*, pp. 8-10.  They were also discussed at the time of the guilty plea.  Doc. 59, pp. 10-20.  Defendant agreed with the court that he wanted to plead guilty and try to work with the Government to get a better sentence, and would rather do that than stand his ground on the charge of failure to appear (which he claimed was involuntary[2]).  *Id.*, pp. 19-20.

With regard to substantial assistance, the plea agreement provided that "[i]f, in the sole discretion of the United States Attorney, Northern District of Florida, the defendant is deemed to have provided substantial assistance in the investigation or

---

[2] Defendant claimed that his truck broke down on his way to court.  *Id.*, pp. 13-15. The Government took the position that not only did Defendant not show up in court, he ceased contact with probation, law enforcement officers went to his house which appeared to be abandoned, and it took them a month to find Defendant.  *Id.*, pp. 15-16.

Case Nos. 5:02cr6-RH and 5:04cv282-RH/WCS

prosecution of other persons who have committed offenses," had otherwise complied with the plea agreement, and the assistance was timely, then the Government "will file an appropriate substantial assistance motion." Doc. 40, p. 7. Counsel for the Government could "in his absolute discretion" decide whether to file a motion under 18 U.S.C. § 3553, U.S.S.G. 5K1.1, or both. *Id.* Whether relief would be granted and the extent of any relief was left to the discretion of the court. *Id.* At rearraignment, counsel for the Government said there was a potential for Defendant to cooperate, however:

> The government's position is that his statement of his involvement today drastically understates what he did. If Mr. Wilder is hoping for a Rule 35 or for even acceptance of responsibility somewhere down the line, then he needs to remember when he was confessing to cooking multiple batches of methamphetamine six to eight ounces a batch. I think he is on the outside periphery. He may be pointed in the right direction but hasn't come very far. But, yes, there is some potential that that could happen down the line, but I don't want either the court or Mr. Wilder to be standing here under the misapprehension that we subscribe to the same view of the facts that he does.

Doc. 59, pp. 18-19.

The quantity of methamphetamine for sentencing purposes was disputed. At the sentencing hearing of November 14, 2002, the Government presented testimony of Ethon Jolly, a forensic chemist with the Drug Enforcement Administration (DEA). Doc. 60 (sentencing transcript), pp. 5-20. Jolly was involved in processing the evidence taken from the methamphetamine lab, and analyzing samples. *Id.*, pp. 8-9. He testified at length regarding the substances and quantities thereof found in the exhibits. Jolly was cross examined by defense counsel. *Id.*, pp. 20-46.

The Government also presented testimony of DEA Agent Michael Moon. *Id.*, pp. 46-49. He had interviewed Defendant a number of times including the first time agents

went to the lab, when Defendant explained to him the process of manufacturing methamphetamine and explained some of the chemicals. *Id.*, p. 47. Defendant told Moon he provided the location, assisted the other person who provided the "products, the other person distributed the bulk of the "product," and Defendant received in return a small portion of methamphetamine as payment. *Id.*

On cross examination, Moon said that Defendant had told him he used methamphetamine for pain. *Id.*, pp. 49-50. Moon said Defendant implicated another person whom they were investigating, and thought Defendant told them everything he knew without holding back. *Id.*, p. 50. Defendant told Moon he provided the site and received methamphetamine as payment, and Moon found nothing to indicate that this was not true. *Id.*, pp. 50-51.

The defense called Defendant's wife, Joanne Wilder, who testified that Defendant used methamphetamine for pain in his knees and back. *Id.*, pp. 51-52. She was aware of the other individual supplying the raw materials, and said Defendant "was just mainly watching." *Id.*, p. 52.

The parties argued the appropriate quantity for sentencing. *Id.*, pp. 54-60. The court found the amount exceeded 50 grams of pure methamphetamine. *Id.*, pp. 60-63.

Defense counsel mentioned that there might be substantial assistance within a year, and the court advised both parties to calendar the date. *Id.*, p. 66. Government counsel expressed concern that while Defendant had pleaded guilty, he "is still minimizing his role; and that's just the concern I have, and at this point it seems to me to be persistent." *Id.*, pp. 67-68. Defendant was sentenced to a term of 120 months in this

case, and a term of one day in the other case, to be served consecutively. *Id.*, pp. 68-70.

Defendant appealed, asserting error in the denial of his motion to suppress and error in sentencing. Doc. 74-2 (excerpt of initial brief). As to sentencing, Defendant claimed clear error in finding him responsible beyond a reasonable doubt for more than 50 grams of methamphetamine based in part on testimony as to the theoretical yield of seized precursor chemicals. *Id.* The judgment was affirmed without opinion. Doc. 74-3 (copy of docs. 67 and 69).

**Standard of Review**

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice.

Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004) (citations and footnotes omitted).

Errors raised and disposed of on direct appeal cannot be considered on a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340 , 1343 (11th Cir. 2000) (citation omitted). Defendant cannot simply recharacterize the claim, and "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id.*, (citation omitted). If the issue was not raised on appeal, on the other hand, it is

procedurally barred and will not be reviewed absent a showing of cause and prejudice. *Id*., at 1344 (citations and footnote omitted); *see also* Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) (noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citations omitted).

A claim of ineffective assistance of counsel is itself a constitutional claim, and cognizable under § 2255 whether or not it could have been raised on appeal. Massaro v. United States, 538 U.S. at 504, 123 S.Ct. at 1693-94 (ineffectiveness claim could be brought under § 2255 in the first instance and was not defaulted); Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000) ("ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.") (emphasis by the Court).

Ineffective assistance of counsel is a two part inquiry. "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and must also "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 690, 693-694, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984).

In determining whether counsel's performance was deficient, Defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 686, 106 S.Ct. at 2064. "The court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent

assistance." 466 U.S. at 690, 104 S.Ct. at 2066. "[E]very effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 689, 690, 104 S.Ct. at 2065, 2066. To satisfy this prong of Strickland, Defendant must show that "no competent counsel would have taken the action that his counsel did take." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). There are no rigid requirements, or absolute duty to investigate a particular line of defense. Id.

> Indeed, "[c]onsidering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."

261 F.3d at 121 (citations omitted).

To establish prejudice due to alleged ineffectiveness of counsel claims in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 467 U.S. 52, 58-59, 106 S.Ct 366, 370, 88 L.Ed.2d 203 (1985). For example, where the alleged error is counsel's failure to discover evidence, the prejudice inquiry depends on whether the alleged evidence would have changed counsel's advice to plead guilty, which depends on whether the alleged evidence would have likely changed the outcome if the case had gone to trial. Id.

Moreover, in a challenge to a guilty plea:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted).

To establish prejudice due to alleged ineffectiveness of counsel at sentencing, Defendant must show a reasonable probability that, absent the errors, the court would have sentenced him differently. 466 U.S. at 695, 104 S.Ct. at 2069. To establish prejudice due to ineffectiveness on appeal, Defendant must show that but for counsel's error he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000).

**Ground One**

Defendant asserts that the standard of proof of beyond a reasonable doubt was not met at the time of sentencing, as the Government's evidence "demonstrated that no jurist of reason could find that the defendant was liable for this drug quantity nor the minimum yield of 50%." Doc. 70, p. 5. "Although an issue on direct appeal," Defendant claims that "the reasoning, standard of proof and the legal contentions of this argument are substantially different than that of the appeal in this case." *Id.* He also claims that the plea agreement allowed a finding of a lessor drug quantity. *Id. See also* doc. 71, pp. 1-8 (legal arguments).

With the exception of the argument discussed ahead, Defendant's sentencing claims were decided on appeal and may not be relitigated here. His claim that the §

2255 arguments are "substantially different" than the arguments on appeal is unsupported. Defendant challenged the court's finding as to drug quantity on appeal, claiming that testimony of a theoretical yield of 50% did not prove quantity beyond a reasonable doubt. *See* 2003 WL 22964120 (initial brief), pp. *19-24; 2003 WL 32332988 (answer brief), pp. 21-24; and 2003 WL 22964119 (reply brief) pp. 5-8. This claim was rejected and the judgment affirmed. Doc. 67 (opinion of October 15, 2003, issued as mandate on November 13, 2003).

Defendant also makes the argument that the finding of drug quantity by the court rather than a sentencing jury violates Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that he did not waive his right to a sentencing jury. Doc. 71, pp. 2-3.[3] In Blakely, the Court applied Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to a sentence enhanced under state sentencing guidelines. As set forth in Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See also* United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (applying rationale of Blakely to the Federal Sentencing Guidelines).

Defendant Wilder was sentenced after Apprendi, but before Blakely or Booker. Since he was not sentenced to more than twenty years imprisonment, the maximum

---

[3] Defendant also argues that the evidence supporting the sentence was not proved beyond a reasonable doubt in violation of Blakely. *Id.* This is a restatement of the argument – raised and rejected on appeal – that there was not evidence beyond a reasonable doubt to support the sentence. Defendant may not relitigate the sufficiency of evidence to support his sentence.

sentence for methamphetamine without regard to quantity,[4] <u>Apprendi</u> would have been deemed inapplicable under then binding circuit precedent. *See* <u>United States v. Sanchez</u>, 269 F.3d 1250, 1268-62 and n. 36 (11th Cir. 2001) (en banc) (collecting cases, finding <u>Apprendi</u> did not apply where the term was within the statutory maximum of § 841(b)(1)(C) without regard to drug quantity).

Even so, this Defendant had the benefit of the beyond a reasonable doubt standard at sentencing. The court advised him of the possible maximum and minimum sentences he would face depending on the amount of methamphetamine he was deemed accountable for at sentencing. Doc. 59, p. 22. The court advised Defendant that he had the right to have a jury decide, beyond a reasonable doubt, the amount of methamphetamine involved in the offense. *Id.*, pp. 23, 25. Defendant said he agreed to have the amount of methamphetamine determined by the judge rather than a jury. *Id.*, p. 25. Defendant waived any right to a jury determination.

**Ground Two**

The indictment charged that Defendant "did knowingly and intentionally combine, conspire, agree and have a tacit understanding *with other persons* . . . ." Doc. 1, p. 1 (emphasis added). Defendant asserts that the indictment failed to charge a conspiracy because it did not "list" (that is, specifically name) any other party to the conspiracy. Doc. 70, p. 5. Defendant claims that he did not waive the failure to sufficiently charge a conspiracy. *Id. See also* doc. 71, pp. 8-12 (arguing that two or more people are required for a conspiracy, a person cannot conspire with himself, collecting cases). In

---

[4] *See* doc. 59, p. 22, noting that, if the amount of methamphetamine was less than five grams, Defendant faced a maximum sentence of 20 years and no minimum sentence.

response to the Government's argument (doc. 74, pp. 4-5), Defendant claims this was a defect in the indictment which deprived the court of jurisdiction. Doc. 75, p. 11.

This claim is procedurally defaulted. It is also baseless. Defendant could be convicted of conspiring with a unnamed persons. *See, e.g.,* United States v. Martinez, 96 F.3d 473, 477 (11th Cir. 1996) ("[w]e have repeatedly held that a defendant may be convicted of conspiring with 'persons unknown,' if sufficient evidence supports the existence and involvement of such unknown persons.") (citations and footnote omitted).

Further, there was evidence that Defendant had an agreement or understanding with at least one other person to commit the underlying drug offenses and was an active participant. Defendant said he was living in one trailer on the property, and he rented the other trailer "for a friend of mine." Doc. 59, pp. 10, 13. The court asked if the second trailer, used as a methamphetamine plant, was his or if he operated it, Defendant said, "[n]o sir, I didn't operate it. . . . I rented the building for him, and I done the cleanup." *Id.*, p. 10. The court explained that just witnessing or knowing about a crime did not make him guilty, and Defendant repeated, "only thing I was doing was help cleaning it up. Whenever he finished whatever he was doing, I cleaned it up." *Id.*, p. 11. Defendant said "when he left," referring to the person making the methamphetamine, then Defendant "would go in and clean the jars and everything like that up." *Id.*, pp. 11-12. It was messy, and Defendant said he had to "scrub the walls and everything like that." *Id.*, p. 12. In exchange, Defendant received some methamphetamine for his own use. *Id. See also* Doc. 60 (sentencing transcript), pp. 47, 50-51 (Agent Moon's testimony that Defendant said he assisted the other individual

and had implicated the other individual), and p. 52 (Joanne Wilder's testimony that she was aware of the other individual involved with Defendant).[5]

**Ground three**

Defendant asserts ineffective assistance of counsel at four critical stages of the proceeding: rearraignment, during plea negotiations, sentencing, and on appeal. Doc. 70, p. 5. No facts are set forth in the motion itself, and few facts can be gleaned from the supporting memorandum. Doc. 71, pp. 13-17. He asserts as "evident" that "counsel was ineffective in his failure advising and interceding in mitigating the actual and the mixture amounts from the testimony of the DEA chemist." *Id.*, p. 15. This issue was argued at sentencing and on appeal, and Defendant does not identify any argument counsel failed to make or evidence he failed to present which might have been relevant to this issue. This claim is insufficient on its face.

Defendant asserts that "[c]ounsel's failure had a profound prejudicial effect" at sentencing, "and the stated cooperation by the case agent was never pursued within the one-year statutory limitation period as instructed by the sentencing judge." *Id.* (citing p. 66 of the sentencing transcript) (where, as set forth *supra*, the court advised the parties to calendar the date). Defendant contends that cooperation in order to obtain a substantial assistance motion is a "critical stage" of the proceeding requiring the effective assistance of counsel. Doc 71, pp. 15-16.

---

[5] At the suppression hearing, Joanne Wilder testified that Defendant made the arrangements for the other person to rent the other trailer, and that he gave money to Defendant to rent the other trailer. Doc. 43, p. 82. She later said Danny Barfield was the person renting the other trailer, that he was the person she told the sheriff about, but he and his girlfriend never moved in but just used the trailer. *Id.*, pp. 91-92.

Case Nos. 5:02cr6-RH and 5:04cv282-RH/WCS

Defendant does not allege any specific assistance he provided which, if "pursued within the one-year statutory limitation period," might have resulted in the filing of a substantial assistance motion. The Government made comments on the record (as noted *supra*) predicting potential problems for this Defendant in obtaining a substantial assistance motion. Moreover, as set forth ahead with respect to ground four, counsel could not make the Government file a motion. Even assuming Defendant had the right to counsel for purposes of pursuing a post-judgment substantial assistance motion, he has not sufficiently alleged error or prejudice.

Defendant asserts that he was "sentenced on the basis of materially untrue assumptions," in violation of due process, and these assumptions "have continued and are evident in the relevant information, documents and statements presented by the government and used by this Court in forming the criminal liability [he] is now subject to." Doc. 71, p. 16. He contends that "the conclusionary and ambiguous statements" presented by the Government did not carry its burden of proof as to quantity of methamphetamine. *Id.* To the extent that Defendant is restating the arguments already made at sentencing and on appeal, he cannot show error or prejudice because the arguments were already made and rejected. He has not identified additional or different arguments or evidence available to but not utilized by counsel with regard to methamphetamine quantity. Ineffective assistance of counsel is not shown.

Defendant concludes that "[t]he lack of assistance at these critical stages was magnified by appellate counsel's failure to bring on appeal the due process violations, amendment of the indictment as to the charged conspiracy and the matters plead in this motion." *Id.*, p. 17. Defendant has not alleged a due process violation or amendment to

the indictment, whether at trial or as an issue preserved for appeal.  He has not established error or shown a reasonable probably that, but for the error, the outcome of the appeal would have been different.  See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000) (defendant must show both that counsel unreasonably failed to discover and raise non frivolous issues in a merits brief, and a reasonable probability that but for the unreasonable failure to file a merits brief he would have prevailed on appeal); Smith v. Murray, 477 U.S. 527, 535-536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986) (where counsel raised 13 claims on appeal, counsel was not professionally unreasonable in failing to pursue a particular argument on appeal); Johnson v. Alabama, 256 F.3d 1156, 1188 (11th Cir. 2001), *cert. denied,* 535 U.S. 926 (2002) (petitioner claiming ineffective assistance of appellate counsel could not meet "demanding test" of Strickland).  "It is difficult to win a *Strickland* claim on the grounds that appellate counsel pressed the wrong legal arguments where the arguments actually pursued were reasonable in the circumstances," as counsel must be highly selective in deciding the issues to raise on appeal.  256 F.3d at 1188.

Finally, Defendant asserts that the cumulative effect of otherwise harmless errors may require a new trial.  Doc. 71, p. 17.  Presumably he is referring to the errors of counsel previously addressed.  Since Defendant has not demonstrated any error of counsel for Strickland purposes, the allegation of a cumulative effect does not entitle him to any relief.

**Ground Four**

Defendant claims that the Government breached the plea agreement by failing to file a substantial assistance motion.  Doc. 70, p. 6.  Defendant quotes the "simple

terms" of his plea agreement that "the United States Attorney . . . will file an appropriate substantial assistance motion." Doc. 71, p. 18; Doc. 75, p. 17. Defendant claims that Agent Moon's testimony established his cooperation, and that the court's instruction to calendar the one year shows that the parties agreed to his assistance; concluding that, "[c]learly, the record indicates the fulfillment of the agreement and the Court acknowledged such in its instruction." Doc. 71, p. 18; Doc. 75, p. 17.

Defendant has taken his points out of context. He omits the beginning of the sentence quoted from the plea agreement, which makes clear that it is left to "the sole discretion of the United States Attorney" whether Defendant would be deemed to have provided substantial assistance. Doc. 40, p. 7. Moon's testimony was not conclusive as to assistance provided. Indeed the Government noted possible problems for Defendant obtaining a substantial assistance motion at the time of rearraignment and again at sentencing, because he was trying to lessen his accountability for the methamphetamine. The reminder to calendar the one year date was not an instruction or agreement by the court that a motion be filed by the Government within that time. In context, it was a reminder that the parties not allow the date to pass inadvertently.

"'Substantial assistance' generally requires that the defendant's assistance has yielded results that are useful to the government, not merely that the defendant expended substantial effort or good faith in attempting to assist." United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997), *cert. denied*, 522 U.S. 1067 (1998) (citation omitted). Moreover, the Government's refusal to file a substantial assistance motion is subject to judicial review only upon a showing of a constitutionally impermissible motive, such as race or religion. Wade v. United States, 504 U.S. 181,

185-86, 112 S.Ct. 1840, 1842-43, 118 L.Ed.2d 524 (1992); United States v. Forney, 9 F.3d 1492, 1499-1503  (11th Cir. 1993) (requiring unconstitutional motive for refusing to file motion, even where there is a Government agreement to "consider" filing a motion, where the determination of whether defendant provided substantial assistance was left solely to the Government) (citing Wade, other citations and footnotes omitted)  United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (citing Wade and Forney, other citations omitted).

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."  Wade, 102 U.S. at 185-186, 112 S.Ct. at 1843-1844 (some citations omitted).  There must be "an allegation *and* a substantial showing" of unconstitutional motive to obtain judicial review.  Forney, 9 F.3d at 1502-03 (emphasis in original) (citing Wade, footnote omitted).  *See also* 9 F.3d at 1500, n. 3 (fact that defendant asserted to the district court that the Government did not fulfill its obligations under the plea agreement did not raise or preserve a "bad faith" issue as there was no allegation of unconstitutional or discriminatory motive by the Government) (citations omitted).  Defendant here has made no allegation or indication of an unconstitutional motive.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the § 2255 motion filed by Defendant Wilder, doc. 70, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on October 26, 2006.


   S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**